**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-21872-CV-MIDDLEBROOKS

JIMMY ANTONIO CARCAMO, Filed by
Next Friend CHRISTIE BRENES CONTINO,

      Petitioner,[1]

v.

WARDEN, KROME DETENTION CENTER,
*et al.*,

      Respondents.

_____/

**ORDER TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition"),[2] brought pursuant to 28 U.S.C. § 2241 by Next Friend Christie Brenes Contino ("Next Friend") on behalf of Jimmy Antonio Carcamo ("Petitioner"). (DE 1).  Simultaneously with the Filing of the Petition, Next Friend has filed an Emergency Motion for Immediate Release (DE 4) (the "Motion").

It is well settled that claims challenging the constitutionality of Petitioner's continued immigration detention are properly brought in this § 2241 federal habeas corpus petition,   Section

---

[1] The Clerk of Court **shall** correct the Court docket to reflect the correct caption of this case, as noted above.

[2] The Petition is not on the authorized form and does not substantially follow the approved form for habeas corpus petitions.  *See* Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts (holding that "the petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule"); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (allowing the Court to apply the Rules Governing § 2254 Cases to § 2241 habeas petitions).

2241 permits a district court to grant a habeas corpus petition when a petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

First, I find the Petition (DE 1) and Motion (DE 4) are a nullity because Next Friend is not a licensed attorney and there are no allegations that Petitioner is incompetent or otherwise incapable of bringing this action on his own behalf.  "[A]n advocate who is not a member of the bar may not represent clients (other than himself) in court."  *Wheat v. United States*, 486 U.S. 153, 159 (1988); *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (the rights of parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others).

Petitioner is further advised that, although he is proceeding *pro se*, he must still comply with the Federal Rules of Civil Procedure, the Rules Governing Section 2254 Proceedings,[3] and the Local Rules[4] of the Southern District of Florida.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se . . .* litigant is in court, he is subject to the relevant law and rules

---

[3] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."  Thus, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241.  Summary dismissal of a habeas corpus action brought under 28 U.S.C. § 2241 is appropriate when the petition plainly reveals that relief is not warranted under Rule 4. See 28 U.S.C. § 2243 (providing that a Section 2241 petition can be dismissed unless it appears from the application that the person detained is entitled to the relief.); *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  Although the Petition is subject to summary dismissal, because of Petitioner's *pro se* status, he will be afforded one opportunity to amend the petition to cure the deficiencies identified herein.

4 Specifically, Local Rule 1.1 provides that the Local Rules for the Southern District of Florida shall apply in all proceedings in civil and criminal actions except where otherwise indicated.  Moreover, the Court's local rules further mandate, in relevant part, that petitions filed pursuant to 28 U.S.C. § 2241 must substantially follow the forms, if any, prescribed by the Court and obtained from the Clerk of the Court upon request.  S.D. Fla. Loc. R. 88.2(a)(2).

of court, including the Federal Rules of Civil Procedure."). Rule 2 of the Federal Rules Governing § 2254 Proceedings imposes "heightened pleading requirement[s]" on petitioners. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).

Second, I find the Petition is neither on the authorized form governing such filings nor is it executed under penalty of perjury. (DE 1). Because of Petitioner's *pro se* status, he will be afforded one opportunity to file a final, amended petition in compliance with the federal, civil, and local rules governing the filing of habeas corpus petitions brought pursuant to 28 U.S.C. § 2241. Petitioner is advised that the Court will only consider claims raised by him not by his Next Friend in the final, amended petition. Furthermore, "[w]ith a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1064 (11th Cir. 2011) (citations omitted); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (A court may not act as a Petitioner's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.).

In this regard, the Eleventh Circuit has made clear:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface of his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval County School Board*, 112 F.3d 1474, 1481 n.12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief . . . based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not

included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

*Chavez*, 647 F.3d at 1059-60. Thus, a habeas petitioner is required to construct his claims. *See also cf GJR Investments*, *Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Petitioner shall be afforded one opportunity to file a proper Amended Petition, if he so chooses, on the form provided, that complies with this Order.   Petitioner is cautioned that mere conclusions of law, unsupported by any facts are insufficient to support a claim for federal habeas corpus relief.   Petitioner is also advised that the Court will not entertain multiple unwieldly filings, nor haphazard attachments of state court filings which do not correspond to the grounds for relief identified in the form petition or are otherwise not numbered.   Petitioner is specifically instructed to use the authorized form provided, and if additional pages are needed, he may attach them to the Amended Petition and shall ensure that the attachments are signed under penalty of perjury. Petitioner is reminded that what is relevant is the relationship of the facts to the claim asserted in the petition. *See* Rule 2(e), Rules Governing Section 2254 Cases advisory committee note.

**Furthermore, Petitioner is advised that the local rules require that the amended petition together with its incorporated or attached supporting facts/memorandum of law, may not exceed twenty (20) pages, and that a reply, if filed, not exceed ten (10) pages.** *See* S.D. Fla. Loc. R. 7.1(c)(2); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989). Petitioner is advised, however, that title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages for purposes of the local rules.   *See* S.D. Fla. Loc. R. 7.1(c)(2).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition (DE 1), and Motion (DE 4) are stricken.

2. Petitioner may file a final Amended Petition, and refile the Motions, if he so chooses, on or before **April 23, 2026.**   Petitioner is reminded that if he chooses to file a final amended petition, he must comply with this Order regarding the form and substance for filing the operative Amended Petition.   The Clerk shall provide the Petitioner with the form petition along with his copy of this Order.

3. The amended petition must be labeled "Amended Petition under 28 U.S.C. § 2241" and must show **Case Number 26-21872-CV-MIDDLEBROOKS**, so that it will be filed in this case.

4. The amended petition will be the **sole, operative pleading** considered in this case, and only the claims listed therein will be addressed by the Court.   *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (an amended complaint supersedes the initial complaint and becomes the operative pleading in the case); *see also* S.D. Loc. R. 15.1.   Therefore, the amended petition should in no way refer to Petitioner's prior filings, nor incorporate by reference claims or arguments previously made therein.   Petitioner is to clearly set forth the grounds for relief and supporting facts on the form petition provided with this Order.   He may prepare additional pages but must clearly set forth the ground for relief and supporting facts, and the attachments must be verified under penalty of perjury.

5. Petitioner is cautioned that failure to comply with this Order will result in dismissal of this action without prejudice, except as to any application of the federal statute of limitations or other federal procedural bars that may apply to render the dismissal one with prejudice. *See* Fed. R. Civ. P. 41(b).

6. The Clerk of Court shall ensure that the approved § 2241 petition form is docketed as an attachment to this Order and mailed to the Petitioner with his copy of this Order and shall make a notation on the Court's docket reflecting that this has been accomplished, as ordered.

**SIGNED** in Chambers at West Palm Beach, Florida, this 23rd day of March, 2026.


Donald M. Middlebrooks
United States District Judge


Page **5** of **6**

**Copies furnished to:**

**Jimmy Antonio Carcamo,** *Pro Se*
A#243031036
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Christie Brenes Contino,** *Next Friend*
1445 NW 2nd St
Miami, FL 33125

**Jedidiah Custer Bradley, AUSA**
US Attorney's Office
Email: Jedidiah.Bradley@usdoj.gov